## DeWALT v. KINARD.

1. Where a complaint seeks the recovery of land and injunction and the appointment of a receiver, the equitable relief is dependent upon the legal cause of action; and upon a decision being reached that the plaintiff has no title to the land in controversy, the entire action fails, and the complaint should be dismissed.

2. A complaint set forth in full a note and mortgage of land given by defendant to plaintiff, and alleged plaintiff's purchase of the land under a sale made by him, and that he was entitled to possession, and that the mortgage was satisfied, and demanded a recovery of the land. *Held*, that after it was adjudged that plaintiff had no title, the complaint could not be retained to permit plaintiff to proceed under the facts stated or by amendment, to foreclose his mortgage. *Johnson v. Johnson*, 27 S. C., 309, approved and followed.

3. The decree of the Circuit Court adjudged that plaintiff had no title to the land sought to be recovered, but refused defendant's motion to dismiss and referred the cause to the master to take testimony as to the amount due on the mortgage set forth in the complaint as a source of plaintiff's title. Defendant appealed from this order of refusal and reference, whereupon plaintiff, after time for excepting and appealing had expired, gave notice of additional grounds in support of the Circuit decree, but which really suggested errors in the finding as to the title. *Held*, that these grounds could not be considered, as they were not in support of the decree, and came too late as exceptions and notice of appeal.

Before FRASER, J., Newberry, November, 1886.

The appeal was from the following decree:

This is an action to recover the possession of a tract of land and for damages. So far it is an action for trial by jury. The complaint, however, states certain facts as to the sources of title, which are sufficient to constitute a cause of action for the foreclosure of a mortgage under which plaintiff claims title. Andrew Kinard, the mortgagor, does not answer the complaint. George A. Kinard answers, claiming title to one-half of the land, and that plaintiff's claim is in fraud of his rights, and demanded partition.

The finding of the jury on the first issue submitted to them as to the legal title of the plaintiff is conclusive, being a mixed question of law and fact triable under our system only by a jury. It is claimed, however, that this general verdict is controlled by the finding of the jury on the second issue, that Andrew Kinard, the mortgagor, at the commencement of the action was out of actual possession of the land. If it be true that George A. Kinard, as he claims in his answer, is the owner of one-half of this land, and that he is in possession of the land, as stated in the complaint, then his possession is the possession of his co tenant, Andrew Kinard, and thus Andrew Kinard, while not in actual possession in any way, may be in legal possession of the land. The second finding of fact is not therefore inconsistent with the first.

I am by no means sure, however, if the claim of George A. Kinard was out of this case, and Andrew Kinard, the mortgagor, out of possession, and there had been a failure to perfect the legal title by foreclosure, as found by the jury as to the first issue, the court could by any sort of trial give judgment for the possession in a case like this. When there has been no valid foreclosure of the mortgage, and the mortgagee comes into court as he has done in this case, claiming the possession on the ground that the mortgagor is out of possession, and setting out in full the mortgage and the debt for which the land is security, the court ought not to do more than foreclose the mortgage. The equity doctrine has now been well established that a mortgage in all its stages is a mere security for the debt.

It therefore appears to me the plaintiff's claim to legal title to and possession of any part of this land is out of this case,

having been settled by the verdict of the jury on the two first issues.

All questions, however, which arise on the complaint as an action to foreclose the mortgage set out in it, and out of the answer of the defendant, George A. Kinard, remain open. I can only indicate my opinion that upon the trial of these questions the testimony already taken in this cause and the finding of the jury on the issues submitted to them can be used, as well as any other testimony parties may introduce.

It is therefore ordered, that the motion made on the verdict of the jury to dismiss the complaint be refused, and it is also ordered, that it be referred to the master to take and report to this court the testimony which may be produced before him by the parties on the questions left open as above stated in this order.

*Messrs. George Johnstone* and *J. F. J. Caldwell,* for appellant.

*Messrs. Moorman & Simkins* and *James Y. Culbreath,* contra.

November 27, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. This is the second appeal in this case, and a full statement of it may be found in 19 S. C., 286, which it is unnecessary to repeat here. It was there held that the action "was undoubtedly an action of a twofold character, legal and equitable, and the defences were of the same character. The main purpose was to recover possession of real property upon the allegation that plaintiff had title thereto, and unless this allegation was admitted, an issue was presented which the defendant had the right to have tried by a jury." And as it appeared in that case that such right had been denied to him by the order then appealed from, the case was sent back for the purpose of giving the defendant the right to have the issue of title tried by a jury.

Accordingly certain issues, which are fully set out in the "Case," were submitted to a jury, who, in response thereto, found substantially as follows: that the plaintiff, at the time of the commencement of the action, had no valid legal title to the land in

controversy; that the defendant, Andrew Kinard, was not in possession of the land at the time of the commencement of this action; that the defendant, George A. Kinard, was entitled to one-half equitable interest in the land, and that plaintiff had notice thereof at the time he took the mortgage from Andrew Kinard, through which he claims title to the land. After this verdict was rendered, the defendant, George A. Kinard, moved upon the verdict to dismiss the complaint. The motion was heard by his honor, Judge Fraser, who, while holding that the finding of the jury on the first issue, to wit, that plaintiff had no title, was conclusive, and was not controlled by, or inconsistent with, the finding on the second issue, to wit, that Andrew Kinard was out of possession at the time of the commencement of this action, yet that, as the complaint stated facts sufficient to constitute a cause of action for the foreclosure of the mortgage under which plaintiff claimed title, the motion to dismiss the complaint should be refused and the case should be retained for that purpose. And he therefore ordered that it be referred to the master to take the testimony as to that matter, indicating his opinion that the testimony already taken in this cause and the finding of the jury on the issues submitted to them might be used, as well as any other testimony parties may introduce.

From this judgment the defendant, George A. Kinard, alone appeals, alleging error in refusing his motion to dismiss the complaint, and in holding that in this action the plaintiff can proceed to obtain foreclosure of his mortgage. In his last ground of appeal he claims that if the Circuit Judge was justified in refusing his motion to dismiss the complaint, he should, upon the verdict of the jury and the pleadings, have decreed a partition of the land equally between the plaintiff and appellant.

The plaintiff, while not appealing from or excepting to the decree of Judge Fraser, or any part thereof, long after the time allowed for that purpose had expired, in fact, after the "Case" was prepared and served, has given notice. as appears by a manuscript addition made to the record by consent, that he will ask this court "to affirm the order of the Circuit Judge appealed from on other grounds than those stated by him in his order, to wit: 1. That the special finding of the jury on the second issue referred

to them was inconsistent with the general finding on the first issue, and should control the latter and allow judgment for respondent. 2. That Andrew Kinard having gone out of possession of the land previous to the commencement of the action, and being out of possession at that time, the respondent, under the law then governing the mortgage contract between them, became entitled to the land. 3. That the defendant, Andrew Kinard, having failed to answer, the respondent is entitled to have judgment against him for his interest in the land, whether the whole or the part thereof; and that the appellant, George A. Kinard, only claims one-half of the land and asks for partition. 4. That both the appellant and respondent claiming from the same source, the respondent has the better title and is entitled to the land."

There can be no doubt that the fundamental and main purpose of the plaintiff's action was to recover possession of the land in question. This is apparent from the whole frame of the complaint, but what is absolutely conclusive, it has been so distinctly adjudged at the hearing of the former appeal. It is also equally clear that the equitable feature of the action was not distinct from, or independent of, the legal cause of action, but was wholly dependent thereon. For it would scarcely be urged that a party having no title to a tract of land would have any shadow of right to ask the Court of Equity to impound the rents of such land, or to enjoin the person in possession from receiving such rents. It follows, therefore, necessarily that the first step necessary to be taken by the plaintiff was to establish his title to the land, and until this was done, he certainly would have no ground upon which to base his claim for the equitable relief demanded by injunction, and practically the appointment of a receiver. When, therefore, he failed to establish his title, as was distinctly adjudged by the decree of Judge Fraser, to which the plaintiff took no exception, it followed necessarily that his action failed, and the complaint should have been dismissed, at least as to the appellants and the two defendants, Cannon and Ruff, who were in possession as his tenants, and who for that reason alone were made parties.

That this would have been the result cannot be doubted from the whole tenor of Judge Fraser's decree; but he, supposing that there

were sufficient facts stated in the complaint to constitute another and wholly different cause of action, to wit, for the foreclosure of the mortgage, refused the motion to dismiss the complaint, and retained the case for the purpose of enabling the plaintiff to establish such new cause of action; and the real question raised by this appeal is, whether he erred in so doing. This question is conclusively determined in favor of appellant by our recent decision in the case of *Johnson* v. *Johnson* (27 S. C., 309), which was decided since Judge Fraser's decree was rendered. There, as here, the action was to recover possession of real property to which the plaintiff claimed title under a sale made by the mortgagee, or rather the assignee of the mortgagee, by virtue of a power of sale contained in the mortgage, and the court having determined there, as here, that such sale was ineffectual to pass the title, it was held that the plaintiff could not recover, a majority of the court holding that the complaint could not be amended "so as to pray for a regular judicial foreclosure of her mortgage" as was suggested by one of the Justices, because that would change substantially the claim of the plaintiff.

Upon recurring to the record in that case, we find that the plaintiff in setting out the source of her title made quite as full a statement of the note and mortgage as was done by the plaintiff in this case, and as the court there held, notwithstanding this fact, that the plaintiff after failing to establish the cause of action as stated in the complaint, could not be allowed to convert her case into another and wholly different claim, we think we are bound so to hold in this case, especially as we still think it right. For while the provisions of the Code are very liberal in regard to the allowance of amendments and otherwise, yet there is, and ought to be, a limit to such liberality. When a party, after perhaps tedious and expensive litigation, has successfully met one claim, he ought not to be deprived of the fruit of his victory, and put to the defence of another and wholly different claim in the same case, which the plaintiff has, through mistaken judgment or perhaps some other cause, omitted to make in the first instance.

In addition to this, even if the complaint could be regarded as a proceeding to foreclose the mortgage, the plaintiff would still encounter an obstacle which would be fatal to his recovery unless

such obstacle was removed by amendment, which the case of *Johnson* v. *Johnson, supra,* distinctly decides could not be allowed. For while the complaint does set forth the note and mortgage, it at the same time alleges that the same has been satisfied, and surely such a complaint could not be regarded as stating facts sufficient to constitute a cause of action for the foreclosure of the mortgage.

It seems to us, therefore, that the Circuit Judge erred in holding that the complaint states facts sufficient to constitute a cause of action for the foreclosure of the mortgage; and even if it did, the action to recover possession of real property could not be converted into an action for the foreclosure of the mortgage under the authority of the case above cited. When, therefore, the Circuit Judge determined that the plaintiff had failed to establish his title to the land in controversy, the legitimate and necessary conclusion was a dismissal of the complaint, at least as to the appellant and his tenants, who alone make the question. How it might be with reference to the other defendant, Andrew Kinard, who made default, we are not called upon to determine, as he is not before us.

The plaintiff has, however, given notice that he will ask this court "to affirm the order of the Circuit Judge appealed from," on the several grounds hereinbefore set out: and these we will proceed to dispose of. It seems to us very clear that all of these grounds, except the third which relates to the defendant, Andrew Kinard, who, as we have said, is not before us, and as to whom we decide nothing, while purporting to be grounds upon which the judgment of Judge Fraser should be affirmed, are in fact exceptions to such judgment, and are really grounds upon which this court is asked to reverse said judgment. When the case was presented to Judge Fraser, the only issue which he was called upon to decide was, whether the plaintiff had made out his title to the land in controversy, and this he distinctly decided had been determined adversely to the plaintiff by the verdict of the jury, and to that decision the plaintiff took no exception and gave no notice of appeal; and yet it is perfectly manifest that the first, second, and third grounds taken by the plaintiff in his

notice are based exclusively upon the theory that Judge Fraser erred in so deciding.

The fact that the Circuit Judge, after having decided the only issue presented to him, to wit, that plaintiff had failed to establish his cause of action, thought proper to extend the privilege to the plaintiff of making out another and wholly different cause of action, from which the defendant has appealed, certainly cannot give the plaintiff the right to ask this court to review and reverse the decision of the Circuit Court to which he took no exception and gave no notice of appeal within the time prescribed by law, under the guise of a motion to affirm the judgment below upon other grounds than those taken by the Circuit Judge. This is clear from the fact that if either of these three grounds are well founded, then the court below erred in not rendering judgment for the plaintiff on his original cause of action, and, if so, then there was error in allowing the plaintiff to proceed to establish a wholly different and inconsistent cause of action; for if the plaintiff had established his title to the land, as is claimed in these three grounds, then certainly it was error to allow him to proceed to a foreclosure of a mortgage on his own land. It is perfectly manifest, therefore, that the practical effect of the notice of the plaintiff is an appeal from a judgment from which the plaintiff gave no notice of appeal within the time prescribed by law—a time which the statute forbids this court from extending—and if we should undertake to consider those grounds, it would be a practical evasion of this statutory prohibition. It must not be inferred from this that we think those grounds well taken. On the contrary, as at present advised, we are disposed to agree with Judge Fraser in the view which he took of the question of title; but as that question is not now properly before us, we shall not undertake to consider it fully.

We are of opinion that the Circuit Judge erred in refusing the appellant's motion to dismiss the complaint as against him.

The judgment of this court is, that so much of the order appealed from as refused the motion of appellant to dismiss the complaint and permitted the plaintiff to proceed to establish, if he could, his right to a foreclosure of the mortgage, be reversed, so far as appellant is concerned, without prejudice to the right of

the plaintiff to proceed, as he may be advised, to establish his claim against the undivided half interest of the defendant, Andrew Kinard, in the land in controversy, and that the case be remanded to the Circuit Court for the purpose of carrying out the views herein announced.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE McGOWAN. I concur on the authority of the late cases.